# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF
CHRISTOPHER D. SULLIVAN, ESQ.,
BAR NO. 8278.

No. 72050

FILED

DEC 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for discipline of attorney Christopher D. Sullivan.

Sullivan's violation of the Rules of Professional Conduct stem from a prior disciplinary action where, to settle the claims against him, Sullivan agreed to participate in binding fee dispute arbitration with a former client.[1] When the arbitration coordinator contacted Sullivan to schedule the arbitration, Sullivan asked the coordinator if he was required to attend. The coordinator, who was not involved in Sullivan's settlement and therefore unaware that he had already agreed to participate, responded that participation was not mandatory. Sullivan neither attended the arbitration nor paid the $1,711 awarded to the client, leading to the current disciplinary action.

---

[1]In that grievance, a client alleged that Sullivan failed to perform services the client had paid for and also refused to return the client's funds. Sullivan claimed that he stopped performing legal work for the client because the client stole a gun from Sullivan's home.

17-43935

At the hearing on the matter, Sullivan testified that although he had agreed to participate in binding arbitration as part of his settlement, he later changed his mind. He also testified that he believed the arbitration coordinator had the authority to waive his participation and that she would have had knowledge of his settlement agreement, thus he did not need to inform her that his participation was mandatory under the settlement agreement or inform State Bar counsel about his change of mind. The arbitration coordinator testified that she had no knowledge of the prior settlement agreement.

Based on the foregoing, the panel found that Sullivan violated RPC 8.4(d) (conduct that is prejudicial to the administration of justice) due to his failure to uphold his agreement to participate in binding fee dispute arbitration. Based on this violation and considering the aggravating factors (substantial experience in the practice of law and prior disciplinary offenses) and the lack of mitigating factors, the panel recommended that he be suspended from the practice of law for one month, stayed subject to Sullivan paying $1,711 in restitution to his former client. The panel further recommended that Sullivan be publicly reprimanded and pay the actual costs of the hearing, plus $1,500 for administrative costs.

The State Bar has the burden of showing, by clear and convincing evidence, that Sullivan committed the violation charged. SCR 105(2)(f); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa,* 125 Nev. 660, 668, 221 P.3d 699,

704 (2009). Having reviewed the record in this matter, we conclude that there is substantial evidence to support the panel's finding that Sullivan violated RPC 8.4(d). *See Sowers*, 129 Nev. at 105, 294 P.3d at 432; *Ogawa*, 125 Nev. at 668, 221 P.3d at 704. Indeed, the evidence demonstrates that Sullivan understood that he agreed to participate in binding fee dispute arbitration to settle the prior disciplinary action against him,[2] but that he later changed his mind.[3] An attorney reneging on a settlement agreement, particularly to settle a disciplinary action against that attorney, is conduct that is prejudicial to the administration of justice. *See* RPC 8.4(d).

As to the form of discipline, the hearing panel's recommendation is persuasive, but we are not bound by the recommendation and we review the proposed form of discipline de novo. SCR 105(3)(b); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). After weighing the relevant factors, we conclude that the panel's recommendation of a one-month suspension is appropriate. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (listing the factors this court must weigh to determine the appropriate discipline); *see* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (2016). We further agree with the recommendations that the suspension

---

[2]Sullivan's agreement to participate was also a mitigating factor in his prior disciplinary action.

[3]Sullivan asserts that he should not be found in violation of his ethical obligations because he mistakenly believed that the arbitration coordinator could waive his participation in the binding arbitration. The basis for the 8.4(d) violation is that he backed out of his settlement agreement in the first place, thus, this argument fails to provide a basis for refusing to adopt the panel's finding.

be stayed if Sullivan pays restitution to his former client and that Sullivan pay the actual costs of the proceeding plus $1,500 in administrative costs. We decline, however, to adopt the recommendation that Sullivan also be publicly reprimanded.

Accordingly, we suspend Sullivan for one month from the filing of this order. That suspension is stayed, however, if Sullivan demonstrates that he has paid $1,711 in restitution to his former client within 30 days of the filing of this order. Sullivan shall also pay the costs of the disciplinary proceeding, plus $1,500 in administrative costs to the State Bar within 30 days of the filing of this order. *See* SCR 120 (2007). The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.[4]

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Stiglich

---

[4]We have considered Sullivan's remaining arguments and conclude that they lack merit: Sullivan failed to demonstrate good cause for his discovery request, *see* SCR 110(5); the hearing panel is not improperly enforcing an arbitration award; and Sullivan failed to demonstrate any improper withholding of evidence.

cc: Chair, Southern Nevada Disciplinary Panel
Christopher D. Sullivan
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court